IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, 80 F Street N.W., Washington, D.C. 20001, 202-639-6426 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| JACOB J. LEW, AS DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET, AND THE U.S. OFFICE OF MANAGEMENT AND BUDGET, 725 17th Street N.W., Washington, D.C. 20503, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## FOIA COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to secure the expedited processing and release of records responsive to a request submitted by Plaintiff American Federation of Government Employees ("AFGE") to Defendant United States Office of Management and Budget on March 2, 2011. AFGE is the largest labor organization representing federal employees.

For the third time in as many months, the United States Government faces the imminent and real possibility that the government will be shut down because the United States Congress has failed to pass a budget for fiscal year 2011. This failure to pass a budget, the possibility of a government shutdown, as well as the potential consequences of such a shutdown, have been the

focus of much public debate and have received continuing national media coverage. Despite, however, the gravity and notoriety of this matter, nearly all Federal Executive Branch agencies have failed or refused to release their contingency plans to either the public or to federal employee unions such as AFGE. As a result, AFGE filed a FOIA request with the Office of Management and Budget seeking copies of any and all contingency plans submitted to the Office by Federal Executive Branch agencies, including any records containing a description or list of employees or positions that would be required to work without pay in the event of a shutdown. Pursuant to OMB Circular A-11, agencies must submit their contingency plans to the Office of Management and Budget.

AFGE asked for expedited processing of its request because of the time-sensitive nature of this matter. Previous continuing resolutions expired on March 4, 2011, and March 18, 2011. The current continuing resolution allowing the government to continue operations expires on April 8, 2011, and there is no guarantee that a new continuing resolution or other similar law will pass prior to its expiration. AFGE's request therefore remains time-sensitive. AFGE needs the requested records to advise and represent its bargaining unit members in, for example, collective bargaining both before and after any eventual shutdown.

AFGE also sought expedited processing of its request because, and AFGE believes this to be self-evident, the circumstances surrounding a potential shutdown of federal government operations, and information relating to how such a shutdown would be accomplished, along with the consequences for the public and for federal employees are clearly matters of public concern. Copies of Federal Executive Branch agencies' contingency plans would significantly contribute to public understanding of the role of the Office of Management and Budget with respect to a possible government shutdown and to public understanding of how government operations will

be conducted in the event of a shutdown.

Accordingly, AFGE respectfully asks that the Court order the relief requested herein, including the immediate release of the records requested by AFGE.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 552 (a)(4)(B), and 5 U.S.C. § 552(a)(6) (E) (iii).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552 (a) (4) (B).

## PARTIES

3. AFGE is a national labor organization, i.e. union. AFGE, in combination with its affiliated Councils and Locals, represents approximately 600,000 federal government civilian employees in departments and agencies across the federal government for a variety of purposes, including for the purpose of collective bargaining. Members of AFGE and of AFGE bargaining units would be affected by a government shutdown. AFGE headquarters is located at 80 F Street N.W., Washington, D.C. 20001.

4. Defendant Jacob J. Lew is the Director of the Office of Management and Budget, and is sued solely in his official capacity.

5. Defendant United States Office of Management and Budget is an agency of the Executive Office of the President of the United States. The Office is located at 725 17th Street, N.W., Washington, D.C. 20503, and its statutory mission is set forth in 31 U.S.C. §§ 503, *et seq*. The Office of Management and Budget is

responsible for setting policies and issuing directives regarding federal expenditures. Defendant Office of Management and Budget and Defendant Lew will be referred to collectively in this complaint as "OMB".

## STATEMENT OF FACTS

6. Section 124 of OMB Circular No. A-11 (2010) ("Circular A-11") provides, "policy guidance and instructions for actions to be taken by Executive Branch agencies when Congress fails to enact either regular appropriations, a continuing resolution, or needed supplementals, resulting in an interruption of fund availability." Circular A-11, § 124.1(b).

7. Section 124 of Circular A-11 also provides that "[a]gency heads must develop and maintain plans for an orderly shutdown in the event of the absence of appropriations[,]" and that these shutdown plans must be submitted to OMB "when they are either first prepared or revised." Circular A-11, § 124.2. These plans must include, *inter alia*, the total number of employees to be retained under the plan to protect life and property, i.e. "essential" employees. *Id.*

8. AFGE submitted a FOIA request to OMB dated March 2, 2011. A true and accurate copy of AFGE's FOIA request is attached to this complaint as Exhibit 1.

9. In its FOIA request, AFGE requested:

> true, accurate and legible copies of all documents and records, in whatever format, in the possession, custody or control of the Office of Management and Budget ("OMB") that:

(a) contain or describe current plans developed, created or maintained by federal Executive Branch agencies for an orderly shutdown in the event of an absence of appropriations, including but not limited to documents or records containing a description or list of those employees or positions to be retained by each agency to protect life and property;

(b) contain or describe current plans developed, created or maintained by federal Executive Branch agencies for continued operations in the event of an absence of appropriations, including but not limited to documents or records containing a description or list of those employees or positions to be retained by each agency to protect life and property;

(c) contain or describe current OMB guidance regarding: (1) when federal Executive Branch agencies should implement shutdown plans; and (2) how federal Executive Branch agencies should implement shutdown plans;

(d) comprise, to the extent not already sought above, all documents and records submitted to OMB by federal Executive Branch agencies in accordance with OMB Circular No. A-11; and

(e) if there are no current documents or records satisfying requests (a) – (d) above, provide instead the most recent documents or records in the possession, custody or control of OMB that contain or describe the information sought in requests (a) – (d).

*See* Exhibit 1.

10. AFGE also requested expedited consideration of its FOIA request as well as a complete fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k). *Id.*

11. AFGE sought expedited processing of its FOIA request because the possibility of a government shutdown due to a lapse in appropriated funds is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which effect public confidence." *Id.*

12. Beginning in February 2011, there have been numerous media stories concerning the

possibility of a government shutdown and how such a shutdown would affect the government's integrity. *See*, *e.g.*, *Federal agencies preparing for shutdown, White House says*, Washington Post (February 23, 2011), available at http://www.washingtonpost.com/wp-dyn/content/article/2011/02/22/AR2011022206829.html (last visited March 29, 2011).

13. FOIA provides that, "a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I).

14. OMB regulations provide that expedited processing of FOIA requests will be granted when, *inter alia*, the request pertains to a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which effect public confidence. 5 C.F.R. § 1303.10(d).

15. OMB issued a letter, dated March 3, 2011, acknowledging receipt of AFGE's FOIA request, assigning the request identification number 11-065, and stating that OMB received AFGE's FOIA request on March 3, 2011. A true and accurate copy of OMB's acknowledgment letter is attached to this complaint as Exhibit 2.

16. OMB's March 3, 2011, acknowledgment letter did not address AFGE's request for expedited consideration.

17. On March 17, 2011, AFGE inquired by telephone message to OMB regarding the status of AFGE's FOIA request.

18. As of March 29, 2011, OMB has not provided a response to AFGE's FOIA request, and has not issued a determination concerning whether OMB will grant AFGE's request for expedited processing.

19. OMB has no legal basis for failing to determine whether it will grant expedited consideration to AFGE's FOIA request, or for failing to provide AFGE with a full and complete response to AFGE's FOIA request.

## COUNT I

20. AFGE incorporates herein paragraphs 1-19 of the complaint.

21. By failing to issue a determination on AFGE's request for expedited processing of its FOIA request within ten (10) days after the date of AFGE's request, OMB is in violation of 5 U.S.C. § 552(a)(6)(E)(ii).

## COUNT II

22. AFGE incorporates herein paragraphs 1-21 of the complaint.

23. By failing to grant expedited processing of AFGE's FOIA request, OMB is in violation of 5 U.S.C. § 552(a)(6)(E)(i).

## RELIEF REQUESTED

WHEREFORE, AFGE respectfully requests that this Court:

    1) Issue a judgment declaring that OMB's failure to respond to AFGE's request for expedited consideration within 10 days is unlawful; and

    2) Issue an order ordering:

        a. OMB to issue a determination granting AFGE's request for expedited processing of its FOIA request; and ordering

        b. OMB to produce and provide to AFGE the records requested by AFGE in its FOIA request; and ordering

        c. OMB to pay AFGE's reasonable attorney's fees and costs incurred in this case pursuant to 5 U.S.C. § 552(a)(4)(E); and ordering

        d. All other relief that the Court deems just and proper.

Respectfully Submitted,

Andres M. Grajales, Esq.
D.C. Bar No. 476894
Assistant General Counsel
AFGE
Office of the General Counsel
80 F. Street, N.W.
Washington, D.C. 20001
Tel.:    202-639-6426
Fax.:    202-639-6441
Email: Grajaa@afge.org

# AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

**John Gage**
National President

**J. David Cox, Sr.**
National Secretary-Treasurer

**Augusta Y. Thomas**
National Vice President for
Women and Fair Practices

7y/287931

March 2, 2011

Dionne Hardy, FOIA Officer
Office of Management and Budget
725 17th Street NW, Room 9026
Washington, DC 20503
Fax: 202.395.3504



**EXHIBIT**

**1**

Re:     **Request for Documents and Records Concerning Agency Contingency Plans
        for the Continuance of Government Functions During a Lapse in
        Appropriations**

Dear Ms. Hardy:

The American Federation of Government Employees ("AFGE") makes this request for documents and records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and consistent with the January 21, 2009, Presidential Memorandum on FOIA issued by President Barack H. Obama. 74 Fed. Reg. 4683 (Jan. 26, 2009). In his January 2009 Presidential Memorandum, President Obama mandated that, "[t]he Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails," and he accordingly directed federal agencies, "to adopt a presumption in favor of disclosure . . ." *Id.*

AFGE is the largest labor organization representing federal employees. Accordingly, AFGE requests true, accurate and legible copies of all documents and records, in whatever format, in the possession, custody or control of the Office of Management and Budget ("OMB") that:

(a) contain or describe current plans developed, created or maintained by federal Executive Branch agencies for an orderly shutdown in the event of an absence of appropriations, including but not limited to documents or records containing a description or list of those employees or positions to be retained by each agency to protect life and property;

(b) contain or describe current plans developed, created or maintained by federal Executive Branch agencies for continued operations in the event of an absence of appropriations, including but not limited to documents or records containing a description or list of those employees or positions to be retained by each agency to protect life and property;

(c) contain or describe current OMB guidance regarding: (1) when federal Executive Branch agencies should implement shutdown plans; and (2) how federal Executive Branch agencies should implement shutdown plans;

(d) comprise, to the extent not already sought above, all documents and records submitted to OMB by federal Executive Branch agencies in accordance with OMB Circular No. A-11; and

(e) if there are no current documents or records satisfying requests (a) – (d) above, provide instead the most recent documents or records in the possession, custody or control of OMB that contain or describe the information sought in requests (a) – (d).

Severability

     This request for information and records is severable. AFGE requests that if OMB withholds any portion of this request or if OMB claims that any portion of the information or records requested herein are unavailable, OMB should nevertheless promptly provide AFGE with all requested information and records that OMB does not intend to sanitize or withhold, and that OMB concedes are available. Put another way, if OMB claims that certain information and/or records are not subject to disclosure or are exempt from disclosure under FOIA, AFGE requests: 1) that OMB promptly disclose any segregable portion of the information and/records sought; 2) that OMB indicate the amount of information withheld on the record; and 3) that OMB provide a detailed justification for each exemption claimed.

     In this vein, if OMB sanitizes any portion of the information and records provided to the Union as a result of this request or if OMB denies a portion of this request, the AFGE requests that OMB provide AFGE with a Vaughn Index. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). The index should: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption. *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995).

FOIA Fee Waiver Request

     AFGE hereby requests a complete fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k). AFGE has no commercial interest whatsoever in the information and records sought. AFGE requests the information and records above in order to fulfill its statutory obligations as the certified exclusive representative of effected bargaining unit members who are federal civilian employees, and to keep bargaining unit members advised regarding those plans agencies may implement in the event of a government shutdown. AFGE has no financial interest in

seeking the information and records sought above nor does AFGE have any financial interest in the information and records themselves.

Further, AFGE maintains that production of the information and records requested herein is in the public interest. The circumstances surrounding a potential shutdown of federal government operations, and information relating to how such a shutdown would be accomplished, is quite obviously a matter of public concern. AFGE also maintains that the information and records sought herein would significantly contribute to public understanding of OMB's role with respect to a possible government shutdown and to the public's overall understanding of how government operations will be conducted in the event of a government shutdown.

Expedited Consideration

AFGE requests expedited treatment of this request. The matter underlying this request, i.e. a government shutdown, satisfies nearly all of the criteria for expedited consideration. For example, because this request relates to the possible shutdown of the United States Government due to a failure of its Congress and President to provide appropriated funds for government operations, it cannot be disputed that this is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which effect public confidence."

Electronic Format

AFGE does not object to receiving the above materials via electronic mail in a commonly available electronic format, such as in Microsoft Word or Portable Document File format.

Finally, in the event that OMB seeks clarification of this request or any portion thereof, please contact the undersigned as provided below.

Sincerely,

Andres M. Grajales
Assistant General Counsel
AFGE, Office of the General Counsel
80 F. Street, N.W.
Washington, D.C. 20001
Tel.:   202-639-6426
Fax.:   202-639-6441
Email: Grajaa@afge.org



EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

March 3, 2011

Mr. Andres M. Grajales
Assistant General Counsel
AFGE, Office of the General Counsel
80 F. Street N.W.
Washington, DC  20001

Dear Mr. Grajales:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB) dated and received in OMB's FOIA office on March 3, 2011.  Your request has been logged in and is being processed. For your reference, the OMB FOIA number is 11-065.

If you have any questions, please feel free to contact me at 202-395-3642.

Sincerely,

Dionne Hardy
FOIA Officer

EXHIBIT
2
tabbies